FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS
01 NOV 16 PM 3:17
RALPH L. DELOACH
CLERK
BY ______ DEPUTY
AT KANSAS CITY, KS.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES STEWART and
GLORIA STEWART

PLAINTIFFS,

v.

MITCHELL TRANSPORT, INC and
LARRY G. RAMSEY and
INSURANCE CORPORATION OF
HANNOVER and INSURANCE
CORPORATION OF HANOVER

DEFENDANTS

Case No. 01-2546-JWL

## COMPLAINT

Come Now Plaintiffs and for their complaint state and allege as follows:

1. Plaintiff James W. Stewart, hereinafter referred to as "James Stewart", is an individual and citizen of the State of Missouri.

2. Plaintiff Gloria Stewart, hereinafter referred to as "Gloria Stewart", is an individual a, citizen of the State of Missouri and the wife of James Stewart.

3. Defendant, Mitchell Transport Inc., hereinafter referred to as "Mitchell Transport", is a corporation organized under the laws of Tennessee. Mitchell Transport was for all times herein material a motor carrier subject to the provisions of the Interstate Transportation Act. 49 U.S.C.A. § 13101 et. seq.

4. Defendant, Larry G.. Ramsey, hereinafter referred to as "Ramsey" is an individual and, upon information and belief, is a citizen of the State of Kentucky.

5. Defendant Insurance Corporation of Hannover, hereinafter referred to as "Hannover", and/or Insurance Corporation of Hanover, hereinafter referred to as "Hanover", are, upon information and belief, are a corporation or corporations organized under the laws of Illinois.

6. 49 U.S.C.A. § 14704(a)(2) provides a cause of action against motor carriers for damages sustained by a person as a result of certain acts or omissions of that carrier. Count I of this action arises under thereunder. Under 28 U.S.C.A. § 1331, this Court has federal question jurisdiction.

7. Plaintiffs are citizens of Missouri. Upon information and belief, defendants are citizens of Tennessee, Illinois and Kentucky. The amount in controversy exceeds seventy five thousand dollars. Pursuant to 28 U.S.C.A. § 1332, this Court has diversity jurisdiction.

8. In the event that diversity jurisdiction is for some reason determined inapplicable, because a federal question is presented, the Court may exercise supplemental or pendenent jurisdiction over the state law claims made herein.

9. Mitchell Transport and Ramsey transacted business in this state, to wit: the operation of a motor truck used for carrying cargo for hire and committed a tortious acts in this state, to wit: the truck collision alleged herein. Accordingly, under the provisions of K.S.A. 60-308, this Court has in personam jurisdiction over the Defendants and venue is properly in this Court.

**COUNT I**

Come now Plaintiffs and for their first cause of action against Defendants state and allege as follows:

10. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through above 9.

11. For all times herein material, Mitchell Transport, as a motor carrier subject to the provisions of the Interstate Transportation Act. 49 U.S.C.A. § 13101 et. seq., was required by 49 U.S.C.A. § 14101(a) to provide safe and adequate service, equipment and facilities, to comply with applicable federal law, regulations, the orders of the Secretary of Transportation and the Surface Transportation Board.

12. In 49 U.S.C.A. § 113 (b), Congress expressed it's specific intent for the "furtherance of the highest degree of safety in motor carrier transportation."

13. 49 C.F.R. § 392.2 requires that every commercial motor vehicle be operated in accordance with the laws, ordinances and regulations of the jurisdiction in which it is being operated.

14. On November 19, 1999, James Stewart was driving a pickup truck eastbound on Interstate 435 in Overland Park, Kansas.

15. At or about the same time, a tractor-trailer driven by Ramesy, operated by Mitchell Transport, insured by Hannover and/or Hanover and, according to the police report, weighing 42,925 pounds, was eastbound on Interstate 435 in Overland Park, Kansas behind the pickup truck being driven by James Stewart.

16. Ramsey caused or allowed said tractor-trailer to strike, "rear-end", collide with and crash into the rear of the pickup truck being driven by James Stewart.

17. Ramsey was cited for following to closely in violation of K.S.A. 8-1523 and pled guilty to said charge.

18. As a direct and proximate result of said collision, James Stewart was injured and has experienced and continues to experience pain, suffering, disability and the quality of his life has been diminished.

19. On account of said injuries, James Stewart has incurred and continues to incur expenses for medical care, treatment and medication and has lost and continues to loose income and has diminished earning capacity.

20. As a result of said collision and injuries, Gloria Stewart has experienced and continues to experience a loss of services and consortium from her husband Jaimes Stewart.

21. By causing or allowing the tractor-trailer to "rear-end", collide with and crash into the rear of the pickup truck being driven by James Stewart, Ramsey and Mitchell Transport were negligent, failed to "provide safe and adequate service" as required by 49 U.S.C.A. § 14101(a), violated 49 C.F.R. § 392.2 by failing to comply with local law and failed to comply with the "highest degree of safety in motor carrier transportation.".

22. 49 U.S.C.A. § 14704(a)(2) provides in part: A carrier or broker providing transportation or service subject to jurisdiction under chapter 135 is liable for damages sustained by a person as a result of an act or omission of that carrier in violation of this part.

Such section has been held to authorize a civil action for personal injuries arising from a carrier's failure to comply with the safe service requirements of 49 U.S.C.A. § 14101(a).

23. Defendants are thus liable under 49 U.S.C.A. § 14704(a)(2) to plaintiffs for the damages plaintiffs have sustained.

24. In an action arising from injuries sustained in a collision involving an interstate trucking company, Kansas law authorizes a direct action against the insurer.

25.49 U.S.C.A. § 14704(e) mandates the award of attorney's fees, which these defendants are liable for as well.

26. The wreck alleged in this action was the third collision a truck operated by Mitchell Transport was involved in, in as many months, and reflects broader safety problems at Mitchell Transport.

27. To further, the expressed intent for the "highest degree of safety in motor carrier transportation", Congress established the Federal Motor Carrier Safety Administration.

28. The Federal Motor Carrier Safety Administration utilizes a system called "SafeStat" to measure motor carrier safety. SafeStat includes several Safety Evaluation Areas "SEA", one of which is a measure of driver safety called "Driver SEA".

29. Based on a variety of information, "Driver SEA" scores ranging from 0 to 100 are determined for carriers. The "Driver SEA" score estimates the percentile rank relative to other carriers. The higher the "Driver SEA" scores, the worse the safety status. SEA values over 75 are defined as deficient.

30. Prior to the collision which is the subject of this action, Mitchell Transport's Driver SEA score was 79.72 placing it in the **lowest** 21% and in the **deficient** range as determined by the Federal Motor Carrier Safety Administration.

31. Federal testing indicates that carriers with poor "Driver SEA" scores have 90% higher crash rate than drivers without poor "Driver SEA" scores.

32. After involvement in three collisions in less than three months, Mitchell Transport allowed it's driver safety, as measured by "Driver SEA", scores to remain deficient and to continue to deteriorate. Subsequent "Driver SEA" scores are as follows; 3/25/00, 85.32, placing it in the **bottom** 16% and in the **deficient** range, 9/25/00, 88.47, in the **lowest** 13% and again in the **deficient** range, 3/24/01, 91.16, in the **worst** 9% and in the deficient range, and 9/22/01, 84.68 in the **lowest** 15% and again **deficient.** Upon information and belief, it is understood that carriers with these kind of ratings are considered "high risk" carriers.

33. "Driver SEA" scores are a measure of driver safety performance. It is anticipated that the specific factors which went into the calculation of these deficient "Driver SEA" scores and additional evidence of poor safety practices at Mitchell Transport will be identified and offered as evidence.

34. Mitchell Transport knew or should have known of it's duty under 49 U.S.C. A. § 14101(a) to provide safe and adequate service, equipment and facilities, of the expressed Congressional intent for the "furtherance of the highest degree of safety in motor carrier

transportation. and of it's consistently deficient driver's safety, as determined by the Federal Motor Carrier Safety Administration.

35. Tractor-trailers of the type operated by Mitchell Transport carry significant weight and their operation, particularly on interstate highways, involves significant speed, mass, force and the potential for death, serious injury and damage should such trucks be involved in a collision.

36. Mitchell Transport, by permitting it's drivers to operate in a manner determined safety deficient by the Federal Motor Carrier Safety Administration, and by permitting it's trucks to be operated by such drivers, displayed reckless indifference and callous disregard toward it's obligations under Federal law, as alleged above, the expressed Congressional intent for the "highest degree of safety in motor carrier transportation" and the safety and rights of the traveling public upon the roads and highways.

37. Such reckless indifference and callous disregard justifies punitive damages.

38. Plaintiff is entitled to judgment against defendants for damages and attorney's fees.

**WHEREFORE,** Plaintiffs pray for judgment against defendants for $ 2,000,000.00 in compensatory damages and $ 3,000,000.00 in punitive damages, an award of attorneys fees, their costs herein expended and incurred and such other and further relief as the Court may deem just and equitable.

## COUNT II

Come now Plaintiffs and for their second cause of action against defendants state and allege as follows:

39. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through above 38.

40. Ramsey in causing or allowing said tractor-trailer to "rear-end", collide with, crash into the rear of the pickup truck being driven by James Stewart was, under Kansas law, negligent, careless, reckless or wanton.

41. Ramsey was driving a truck operated by Mitchell Transport and as such Mitchell Transport is liable for the damages caused by Ramsey as alleged in this complaint.

42. As a direct and proximate as result of such acts by Ramsey and the collision arising therefrom, James Stewart was injured and has experienced and continues to experience pain, suffering, disability and the quality of his life has been diminished, has incurred medical expenses and continues to incur expenses for medical care, treatment and medication and has lost and continues to loose income and has diminished earning capacity.

43. As a result of said collision and injuries, Gloria Stewart has experienced and continues to experience a loss services and consortium from her husband Jaimes Stewart.

44. Mitchell Transport, in allowing it's drivers to operate in a manner considered safety deficient as alleged above, and by permitting it's trucks to be operated by such drivers, displayed reckless disregard, indifference and wantonness, under Kansas law,

towards it's safety obligations, as alleged above, and the safety and rights of the traveling public upon the roads and highways.

45. That as a result of the above and foregoing Plaintiffs are entitled to an award of damages against Defendants.

**WHEREFORE,** Plaintiffs pray for judgment against defendants for $ 1,400,000.00 in compensatory damages, an amount of punitive damages to be determined upon receipt of defendant's financial information, their costs herein expended and incurred and such other and further relief as the Court may deem just and equitable.

COUNT III

Come now Plaintiffs and for their third cause of action against defendants state and allege as follows:

46. Plaintiff reallege and incorporate by reference the allegations set forth in paragraphs 1 through above 45.

47. Defendant Hannover and/or Hanover insured the truck driven by Ramsey and operated by Mitchell Transport Inc. which was involved in the collision alleged above.

48. In an action arising from injuries sustained in a collision involving an interstate trucking company, Kansas law authorizes a direct action against the insurer.

49. For more than one year the undersigned has had conversations with adjusters representing the insurer regarding this matter.

50. On or about May 23, 2000 and again on January 12, 2001 medical records regarding James Stewart's medical treatment for injuries sustained in the collision were forwarded to the adjuster representing the insurance carrier.

51. Prior to filing this action, the undersigned forwarded a settlement package including the Highway Patrol accident report, citation issued the driver, medical records, medical bills,, lost earning information, vocational report and demand letter extensively analyzing this case to the adjuster handling this matter of behalf of defendants.

52. Pursuant to request by the adjuster, additional information including a list of health care providers James Stewart had seen prior to this injury, a list of his employers for the previous ten years, together with medical and employment authorizations was forwarded to the adjuster handling this case.

53. A settlement demand within policy limits was made and adjuster was afforded the opportunity to settle this matter within policy limits prior to the filing of this action.

54. Notwithstanding the provision of substantial information as alleged above and the opportunity to settle within policy limits, Hannover and/or Hanover has failed to make any offer of settlement or otherwise attempt to negotiate this matter.

55. Under Kansas law insurance carriers have a duty to act in good faith and failure to do so will result in the insurer being held liable for the full amount of the insured's loss even if that amount exceeds policy limits.

56. Such actions or omissions by Hannover and/or Hanover breach the insurer's duties as imposed by Kansas law.

57. Pursuant to K.S.A. 40-256 where an insurance company refuses without just cause or excuse to the full amount of a loss, the court rendering judgment shall allow plaintiff attorneys fees.

58. The Court should enter judgment against Hannover and/or Hanover for the full amount of the insured's loss even if that amount exceeds policy limits and for attorney's fees pursuant to K.S.A. 40-256.

**WHEREFORE,** Plaintiffs pray that judgment be entered against Hannover and/or Hanover for the full amount of any judgment rendered against Mitchell Transport and/or Ramsey as prayed for in Counts I & II above, an award of attorney's fees, the costs of this action and such other and further relief as the Court deems just and equitable

Lawrence D. Flick # 11162
Suite 126, Meadowbrook Executive Bldg.
5250 West 94th Terrace
Prairie Village, Kansas 66207
(913) 648-7000
Attorney for Plaintiff

## JURY DEMAND

Plaintiff requests trial by jury on all issues so triable.

Lawrence D. Flick